Roane J.
The motion in arrest of judgment, upon which the District Court alone gave an opinion, presents us with two questions; 1st, whether the omission to lay damages in the declaration, be fatal or not? And 2dly, whether the not laying of a consideration will vitiate the judgment ?
I think that the first error may, upon the true exposition of the Act of Jeofails, be considered as cured, which declares, 1st, that no judgment shall after verdict be reversed for any variance in the writ from the declaration, not 2dly, for any mistake of the Christian name, surname of either party, sum of money, See., in the declaration or pleading, the same being right in any part of the record or proceedings, or 3dly, for omitting the averment of any matter, without proving which. *269 She jury ought not to have given such verdict. The English Statute of the 21, James I. c. 13, differs from the first member of this clause in this respectt — hat Statute declares, that no judgment after verdict shall be reversed for any variance in form only, between the original and declaration, <ke„ The omission of those words in our Statute, will justify us in going farther than to cure a variance merely in form, because that Statute being before our Legislature, it is fairly to be presumed from the difference of expression, that greater liberality was intended by the framers of our law.
I also think that the 2d member of the clause applies to this case, and that we cannot properly distinguish between a mistake and the omission of a sum of money, since the same reason applies with equal force to either case.
I have great doubts whether this error could be cured under the construction of the third member of this section. This provision in our law is not taken from any English Statute, but is the adoption of a principle established by the Courts of that country. The principle as understood there, is, that where the plaintiff has stated his title or ground of action defectively, or inaccurately, it is a fair presumption after verdict, that all circumstances, necessary in form or substance to complete the title so imperfectly stated, were proved to the jury, because to entitle him to recover they must have been proved. Rushton v. Aspinall, Dougl. 658. But I question if the omission of damages can come within the above principle, since they form no part of the plaintiff’s title; however I give no decided opinion as to this, since it is unnecessary.
The second point arising out of the motion in arrest of judgment is, that no consideration is laid in the declaration. It is stated that the plaintiff then and there employed the attorney, which is tatamount to stating that the plaintiff was then and there bound to pay him for what he had undertaken to perform. But the most complete answer to the objection is, that the *270 appellee undertook to conduct the suit, and in his mu nagement of it, was guilty of such a neglect of his duty as to subject the plaintiff to a loss; after this, it is not competent to him to allege a want of consideration.
The third point respects the demurrer to evidence. The judgment to be given is, that the evidence is, or is not sufficient to maintain the issue joined on the part of the appellee. Of this, the jury are the only competent judges ; and therefore if the case be withdrawn from their decision by this mode of proceeding, the Court must presume any and every fact, which the jury might, out of complicated testimony, have inferred. But those conclusions of facts must be such, as the jury might from a just and reasonable construction have made, and not arbitrary inferences, or such as might be drawn from a part only of the whole evidence.
The charge is, that the defendant commenced and mismanaged the suit. The evidence of the first witness, if it stood alone, might correspond with this charge, since a jury might consider the message sent to the appellant, as having reference to an engagement before made to commence and prosecute the suit. But the appellant, not satisfied with this, produced the dockets of the Court, which prove strongly, if not satisfactorily, that the appellee was not retained in the cause until July 1784; and thus every presumption of an engagement at a prior period, arising out of the first piece of testimony, is completely demolished. With an accurate attention to the whole evidence, a jury could not reasonably and properly infer an original engagement, and consequently could not consider the charge laid in the declaration as being sustained. I therefore think, that the District Court was wrong in the opinion given upon the motion in arrest of judgment, but that the judgment upon the demurrer to evidence is correct.
Carrington J. — Upon the two first points, I entirely concur in opinion with the Judge who has just spoken.
*271 It is undoubtedly true, that an attorney is liable for neglect of duty, and that he is bound to make retribution to his client for the injury which he may thereby sustain. That there has been mismanagement in this case, is not denied; the instance stated and proved was in the failing to file a declaration; but there is no evidence, that the appellee was • originally employed in the cause, so as to be properly chargeable with this neglect, nor are there any facts stated from which such a conclusion could with any propriety be made. On the contrary, it is fairly to be inferred, that he was not engaged until July 1784, and we all know, that it is very usual to introduce new counsel into a cause during its pendency, sometimes to conclude what another has begun, and at other times to assist in the management of it. It would be monstrous, if in those cases the blunders of one attorney should be imputed to his successor, who was not privy to, or assisting in the commission of them.
Lyons J.~-As to the point of consideration, the rule is well laid down in the case of Coggs v. Bernard, 2 Ld. Ray, 909. That though a man is not bound to do an act for another without a reward, yet if he will voluntarily engage, and enter upon the performance of it, he is liable for the consequences of his improper management.
The second point is, the omission to lay damages in the declaration. In actions which sound entirely in damages, it is absolutely necessary at common law to lay them in the declaration; but in debt it is otherwise. The plaintiff ought to know what are the damages he has sustained, and if he lay none, he cannot say that he has sustained any. If he recover more than is laid, he is n^2 entitled to the excess, and in that case he can only help himself by releasing the excess. But where no damages are laid, the plaintiff' cannot remit so as to cure the error. In PilforJs Case, 10 Rep. 116, it is laid down, that where damages are the cause of action, the plaintiff must declare for *272 them, or else cannot recover; but it is said to be otherwise in real actions.
In cases where damages are the cause of the action, ^ was f°rmerly the practice upon a demurrer to enter up judgment for the damages laid in the declaration; besides they give jurisdiction to the Court, as is laid down in Hardwicke,s Cases, p. 6, where it is determined, that in actions founded in damages, those laid in the declaration are considered as the cause of action.
Thus the case would have stood independent of the Act of Jeofails; but now, the declaration may be amended by the writ, since the mistake may be corrected by another part of the record where the sum is rightly stated. For although you cannot have advantage of the writ to plead a variance, without craving oyer of it, yet you may apply to it to amend by, though oyer was not taken. In England, it was formerly usual to stay proceedings in error until the amendment could be made below, and then to award a certiorari; but at this day the Court consider the amendment as being made, in cases where it would be proper to allow it to be made.
As to the variance spoken of by Mr. Monoid, it does not appear in the record as he supposed.
Respecting the merits of the case, as presented to us by the demurrer to evidence, I feel no difficulty. To make an attorney liable upon a charge of this sort, gross negligence should be proved. It is also necessary for the plaintiff to shew, that the attorney was employed at a time when he might have been guilty of the charge; if it be for failing to file a declaration, it should appear that he was engaged at a stage of the cause when he ought to have filed it. If a tradesman be employed to complete a piece of work already begun, will any man say that he is responsible for the blunders and mistakes of another who had preceded him? Surely not. It is evident from this record, that the appellant was not employed before the year 1784, and of course after the cause was at issue.
*273 The President concurred in the opinion delivered by the other Judges, and the judgment was affirtned.([1])